UNITED STATES DISTRICT COURT
<u>NORTHERN DISTRICT OF NEW YORK</u>

MICAELA ELIZABETH MORANDI,

                     Plaintiff,

    -against-                                   5:21-CV-00907 (LEK/DEP)

COMMISSIONER OF SOCIAL
SECURITY,

                     Defendant.

## MEMORANDUM-DECISION AND ORDER

**I.    INTRODUCTION**

On August 12, 2021, Plaintiff Micaela Elizabeth Morandi commenced this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for disability insurance benefits ("DIB"). Dkt. No. 1 ("Complaint"). On October 19, 2022, the Honorable David E. Peebles, United States Magistrate Judge, recommended that the Court grant Plaintiff's motion for judgment on the pleadings, Dkt. No. 14, deny the Commissioner's motion for judgment on the pleadings, Dkt. No. 18, and vacate and remand the Commissioner's decision for further proceedings without a direct finding of disability pursuant to sentence four of 42 U.S.C. § 405(g). Dkt. No. 21 ("Report-Recommendation"). No party has objected to the Report-Recommendation. <u>See generally</u> Dkt. For the reasons set forth below, the Court adopts the Report-Recommendation in its entirety.

**II.    STANDARD OF REVIEW**

"Within fourteen days after being served with a copy [of the Magistrate Judge's report and recommendation], any party may serve and file written objections to such proposed findings

and recommendations as provided by rules of the court." 28 U.S.C. § 636(b)(1)(C); see also L.R. 72.1. If objections are timely filed, a court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). De novo review "does not require the Court to conduct a new hearing; rather, it mandates that the Court give fresh consideration to those issues to which specific objections have been made." A.V. by Versace, Inc. v. Gianni Versace, S.p.A., 191 F. Supp. 2d 404, 406 (S.D.N.Y. 2002).

However, if no objections are made, or if an objection is general, conclusory, perfunctory, or a mere reiteration of an argument made to the magistrate judge, a district court need only review that aspect of a report-recommendation for clear error. See DiPilato v. 7-Eleven, Inc., 662 F. Supp. 2d 333, 339 (S.D.N.Y. 2009) ("The district court may adopt those portions of a report and recommendation to which no timely objections have been made, provided no clear error is apparent from the face of the record."); New York City Dist. Couns. of Carpenters Pension Fund v. Forde, 341 F. Supp. 3d 334, 336 (S.D.N.Y. 2018) ("When a party makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the [report and recommendation] strictly for clear error." (quoting Molefe v. KLM Royal Dutch Airlines, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009))). Clear error "is present when upon review of the entire record, the court is left with the definite and firm conviction that a mistake has been committed." Rivera v. Federal Bureau of Prisons, 368 F. Supp. 3d 741, 744 (S.D.N.Y. 2019). Additionally, a district court will ordinarily refuse to consider an argument that could have been, but was not, presented to the magistrate judge in the first instance. See Hubbard v. Kelley, 752 F. Supp. 2d 311, 312–13 (W.D.N.Y. 2009) ("In this circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's

2

report and recommendation that could have been raised before the magistrate but were not." (internal quotation marks omitted)). Upon review, a court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

### III.  DISCUSSION

No party objected to the Report-Recommendation "[w]ithin fourteen days after being served with a copy" of it. 28 U.S.C. § 636(b)(1)(C). Accordingly, the Court reviews the Report-Recommendation for clear error. Having found none, the Court approves and adopts the Report-Recommendation in its entirety.

### IV.  CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Report-Recommendation (Dkt. No. 21) is **APPROVED and ADOPTED in its entirety**; and it is further

**ORDERED**, that Plaintiff's motion for judgment on the pleadings (Dkt. No. 14) is **GRANTED**; and it is further

**ORDERED**, that the Commissioner's motion for judgment on the pleadings (Dkt. No. 18) is **DENIED**; and it is further

**ORDERED**, that the Commissioner's final decision denying disability benefits is **VACATED**; and it is further

**ORDERED**, that this matter is **REMANDED** for further proceedings consistent with the Report-Recommendation (Dkt. No. 21), without a directed finding of disability, pursuant to sentence four of 42 U.S.C. § 405(g); and it is further

**ORDERED**, that the Clerk serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:   January 24, 2023
          Albany, New York

_____
LAWRENCE E. KAHN
United States District Judge